UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GREGORY KASHOW<br>2246 Longshore Avenue<br>Philadelphia, PA 19149<br><br>Plaintiff,<br><br>v.<br><br>HR PENN, LLC, d/b/a RAMADA HOTEL<br>6201 Bristol Pike<br>Levittown, PA 19057<br>and<br>JARIWALA & CO., LLC, d/b/a<br>J & CO. HOTELS GROUP<br>1600 Matso Drive<br>Toms River, NJ 08753<br>and<br>HAMMOCK WORLDWIDE<br>1600 Matso Drive<br>Toms River, NJ 08753<br>and<br>KARIM HASSANEIN<br>6201 Bristol Pike<br>Levittown, PA 19057<br>and<br>REX JARIWALA<br>1600 Matso Drive<br>Toms River, NJ 08753<br>and<br>GAURANG JARIWALA, a/k/a<br>GREG JARIWALA<br>1600 Matso Drive<br>Toms River, NJ 08753<br><br>Defendants. | CIVIL ACTION<br><br>CASE NO.: _____<br><br>**JURY TRIAL DEMANDED** |

## CIVIL ACTION COMPLAINT

Plaintiff Gregory Kashow (hereinafter referred to as "Plaintiff" unless indicated otherwise) hereby complains as follows against Defendants and avers as follows:

## INTRODUCTION

1. Plaintiff initiates the instant action to redress violations by Defendant of 29 U.S.C. § 206 for unlawful failure(s) to pay overtime in compliance with the Fair Labor Standards Act ("FLSA"), as well as for a retaliatory termination. Plaintiff also pursues claims under state law(s) for the same types of violations, particularly the Pennsylvania Minimum Wage Act ("PMWA" - 35 P.S. §§ 333.101 *et. seq.*).

## JURISDICTION AND VENUE

2. This Court, in accordance with 28 U.S.C. 1331, has jurisdiction over Plaintiff's claims because this civil action arises under a law of the United States. This Court has supplemental jurisdiction over Plaintiff's state-law claims because they arise out of the same common nucleus of operative facts as Plaintiff's federal claims.

3. This Court may properly maintain personal jurisdiction over Defendants because Defendants' contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

4. Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because all of the acts and/or omissions giving rise to the claims set forth herein occurred materials and services in the Greater Philadelphia region.

## PARTIES

5. Plaintiff is an adult residing at the above-captioned address.

6. Defendant HR Penn, LLC, d/b/a Ramada Hotel (*hereinafter* "Defendant Ramada Hotel") is a Pennsylvania corporation operating under the Franchise license of the Ramada Hotel

Chain and conducts hotel-related business in Bristol, Pennsylvania at the above-captioned address.

7. Defendant Karim Hassanein (*hereinafter* "Defendant KH") was and upon information and belief remains the General Manager of Defendant Ramada Hotel.

8. Defendants Jariwala & Co., LLC and Hammock Worldwide (hereinafter collectively "Defendant Management Companies") are employee and property-management companies overseeing employees, business dealings, and hotel properties such as Defendant Ramada Hotel.

9. Defendants Rex Jariwala and Gaurang Jariwala (*hereinafter* collectively "Jariwala Defendants") are upon information and belief siblings who are the highest-level owners and operators of Defendant Ramada Hotel and Defendant Management Companies.

10. Jariwala Defendants have incorporated many businesses and used many fictitious entity names, only a fraction of which are set forth in the caption of this Complaint. They conduct business from their corporate address, which is a 1420 square-foot residential home in Toms River, New Jersey. Many corporate names are registered to this address, not just those in the caption of this Complaint.

11. Jariwala Defendants and all corporate Defendants herein operate as a single business and enterprise despite creative naming or incorporation for tax-filing purposes. Plaintiff was paid by Defendant Ramada Hotel (via payroll) but all management and oversight of the operations of Defendants businesses is done by Jariwala Defendants and Defendant Management Companies (including as to payroll, raises, terminations, hiring, changes in the business and other aspects of Defendant Ramada Hotel).

3

12. At all times relevant herein, Defendants acted by and through their agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

## FACTUAL BACKGROUND

13. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

14. Plaintiff exclusively worked for Defendant Ramada Hotel in Levittown, Pennsylvania.

15. Defendant Ramada Hotel underwent approximately 3 changes in ownership during Plaintiff's period of employ, as Plaintiff was employed with Defendants since in or about 2007 (through termination in October of 2017).

16. At issue in this case is Plaintiff's work under the ownership of Defendants. Defendants acquired and operated the Ramada Hotel within which Plaintiff was employed since in or about May of 2015. Thus, Plaintiff was employed with Defendants for (exclusive of predecessors for approximately 2.5 years).

17. Defendants routinely referred to Plaintiff as a "Food and Beverage Manager" when Plaintiff was employed under them. Plaintiff's job title was not reflective of the work he performed daily, weekly or routinely.[1]

18. Plaintiff's daily job duties consisted of bartending, cooking, cleaning, and doing maintenance (primarily associated with Defendants' grill, restaurant and food-related sales).

19. Plaintiff did not supervise employees, let alone have any scheduling responsibilities, he did not participate in any companywide decisions or policy changes (as even

---

[1] See 29 C.F.R. 541.2 (explaining job title is not reflective of overtime exemption applicability).

4

menu changes were made without consulting him), he did not have any evaluation, discipline, or other management duties, and he literally cooked, cleaned and did labor all day, each day.[2]

20. Plaintiff performed a non-exempt job, and he was paid a flat rate of $650.00 per week regardless of how many hours he worked over 40 hours per week.

21. Plaintiff consistently averaged 50-60-hour workweeks, and Plaintiff was never paid at a rate of time and one half for any hours worked over 40 hours per week by Defendants.

22. Defendants made no effort to abide by local, state or federal laws mandating employee recordkeeping as to hours or days worked.[3]

23. Plaintiff learned of researched his own entitlements to overtime compensation while still employed with Defendants, as he was not being paid overtime as mandated by state and federal law(s).

24. As a result of determining that he was entitled to overtime compensation, Plaintiff complained verbally and in writing during the months of September and October of 2017 about non-payment of overtime compensation explicitly stating *inter alia*: he formally requested "any and all overtime wages to which [he was] entitled to under the U.S. Dept of Labor and the FLSA Act." Plaintiff further threatened to contact the Department of Labor.

25. Shortly after complaining of overtime violations and threatening to contact the department of labor verbally and in writing to the named Defendants in this case, Plaintiff was

---

[2] To not be entitled to overtime as a manager, an employee must meet the "executive exemption," which mandates that the manager regularly direct 2 or more employees, have the authority to hire and fire employees, and perform the "primary duty" of management. *See* 29 C.F.R. 541.100.

[3] The failure of an employer to abide by mandatory record-keeping of hours worked by an employee violates 29 U.S.C. § 211(c). As a result, an employer's estimates of hours typically worked may be accepted. *See e.g. Zeng Liu v. Jen Chu Fashion Corp.*, 2004 WL 33412, at *8 (S.D.N.Y. 2004)

informed that his job was eliminated despite that there was ongoing work for him to perform and despite that Defendants were obligated (per their franchising agreement) to continuing offering food-providing services to patrons.

26. Defendants manipulate company names, company operations, intermingle assets, and intentionally failed to pay Plaintiff proper compensation despite multiple requests - - all followed by an abrupt and retaliatory termination due to an alleged job elimination. Double damages are standard, virtually automatic and mandated for Defendants' actions as well.[4]

## Count I
## Violations of the Fair Labor Standards Act ("FLSA")
(Unpaid Overtime & Retaliation)
- Against all Defendants -

27. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

28. Plaintiff was not properly paid at a rate of time and one half for hours worked over 40 hours per week while in the employ of Defendants, and he remains owed overtime compensation (at 2.5 years of work history multiplied times 10-20 hours of overtime per week minimum).

---

[4] *See e.g. Solis v. Min Fang Yang*, 345 Fed. Appx. 35 (6th Cir. 2009)(Affirming award of liquidated damages explaining "under the Act, liquidated damages are compensation, not a penalty or punishment, and no special showing is necessary for the awarding of such damages. Rather, they are considered the norm and have even been referred to by this court as mandatory."); *Gayle v. Harry's Nurses Registry, Inc.*, 594 Fed. Appx. 714, 718 (2d Cir. 2014)(Affirming award of liquidated damages explaining there is an automatic "presumption" of liquidated damages and "double damages are the **norm,** single damages the exception," as the burden to avoid liquidated damages is a "difficult burden."); *Haro v. City of Los Angeles*, 745 F.3d 1249 (9th Cir. 2014)(Affirming award of liquidated damages explaining they are the "norm" and "mandatory" unless the employer can establish the very "difficult burden" of subjective and objective attempts at FLSA compliance); *Chao v. Barbeque Ventures, LLC*, 547 F.3d 938, 942 (8th Cir. 2008)(Affirming award of liquidated damages explaining that the employer mistakenly argues its non-compliance was not willful, misunderstanding the high burden to show affirmative steps of attempted compliance and research of the FLSA and separately that its diligence and belief in non-payment of overtime was also objectively reasonable.); *Chao v. Hotel Oasis, Inc.*, 493 F.3d 26 (1st Cir. 2007)(Affirming award of liquidated damages explaining that they will always be considered the "norm" in FLSA cases); *Lockwood v. Prince George's County*, 2000 U.S. App. LEXIS 15302 (4th Cir. 2000)(Affirming award of liquidated damages explaining they are the "norm" and that an employer may not take an ostrich-like approach and refuse to research its obligations under the FLSA and to objectively explain why it failed to comply with the FLSA); *Uphoff v. Elegant Bath, Ltd.*, 176 F.3d 399 (7th Cir. 1999)(Reversing the district court for not awarding liquidated damages, as doubling unpaid overtime is the rule, not an exception); *Nero v. Industrial Molding Corp.*, 167 F.3d 921 (5th Cir. 1999)(Affirming award of liquidated damages, as there is a presumption of entitlement to liquidated damages which are the norm).

6

29. Plaintiff's termination from Defendants for complaining of unpaid overtime compensation was *per se* unlawful. *See Kasten v. Saint-Gobain Performance Plastics Corp.*, 563 U.S. 1, 131 S. Ct. 1325, 179 L. Ed. 2d 379 (2011)(it is illegal under the FLSA to terminate an employee for verbal or written concerns of unpaid overtime compensation).

30. The non-payment of owed overtime compensation and Plaintiff's termination as aforesaid constitute violations of the FLSA.

31. The individuals defendants named in the caption are personally liable herein for violations of the FLSA, as they: (a) personally oversaw payments to employees; (b) oversaw the terms and conditions of employment for employees such as Plaintiff; and (c) were personally involved with any adverse decisions concerning Plaintiff including but not limited to non-payment of overtime and his termination from employment.[5]

## Count II
## Violations of the Pennsylvania Minimum Wage Act ("PMWA")
(Unpaid Overtime Compensation)
- Against all Defendants -

32. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

33. Plaintiff was not properly paid overtime as aforesaid, and Plaintiff pursues a claim herein solely for unpaid overtime compensation.

---

[5] "[A]n individual is subject to FMLA liability when he or she exercises supervisory authority over the complaining employee and was responsible in whole or part for the alleged violation while acting in the employer's interest." *White v. Eberle & Bci Servs.*, 2013 U.S. Dist. LEXIS 7542 (D.N.J. 2013); *see also Narodetsky v. Cardone Indus., Inc.*, 2010 U.S. Dist. LEXIS 16133, 2010 WL 678288 (E.D. Pa. 2010)(management may be individually liable under the FLSA for involvement in payroll and/or terminations from employment).

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

i. Defendants are to compensate Plaintiff, reimburse Plaintiff and make Plaintiff whole for any and all pay and benefits Plaintiffs would have received had it not been for Defendants' illegal actions, including but not limited to past lost earnings, future lost earnings, all unpaid overtime compensation, salary, pay increases, bonuses, medical and other benefits, training, promotions, pension, and seniority. Plaintiff should be accorded those benefits illegally withheld (if determined that there are such benefits) from the date he first suffered retaliation at the hands of Defendants until the date of verdict;

ii. Plaintiff is to be awarded liquidated or punitive damages (in accordance with the Statutes he is suing under), as permitted by applicable law, to punish Defendants for willful, deliberate, malicious and outrageous conduct and to deter Defendants or other employers from engaging in such misconduct in the future;

iii. Plaintiff is to be awarded damages for his emotional distress, humiliation and/or pain and suffering as permitted by law (under applicable Statutes);

iv. Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

v. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable federal law;

vi. Plaintiff's claims are to receive a trial by jury to the extent allowed by applicable law. Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

                                 Respectfully submitted,

                                 **KARPF, KARPF & CERUTTI, P.C.**

By: _____
                                 Ari R. Karpf, Esq.
                                 Attorney for Plaintiff
                                 3331 Street Road
                                 Two Greenwood Square
                                 Suite 128
                                 Bensalem, PA 19020

Dated: October 30, 2017

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

Gregory Kashow :  CIVIL ACTION

v. :

HR Penn, LLC, d/b/a Ramada Hotel, et al. :  NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)    ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.    (X)

| 10/30/2017 | _[signature]_ | Plaintiff |
|---|---|---|
| Date | Attorney-at-law | Attorney for |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| Telephone | FAX Number | E-Mail Address |

(Civ. 660) 10/02

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 2246 Longshore Avenue, Philadelphia, PA 19149

Address of Defendant: 6201 Bristol Pike, Levittown, PA 19057; 1600 Matso Drive, Toms River, NJ 08753

Place of Accident, Incident or Transaction: Defendants place of business
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes☐   No☒

Does this case involve multidistrict litigation possibilities?   Yes☐   No☒

RELATED CASE, IF ANY:
Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes☐   No☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes☐   No☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?   Yes☐   No☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes☐   No☐

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☒ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify) _____

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, Ari R. Karpf, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

DATE: 10/30/2017   Attorney-at-Law   ARK2484   Attorney I.D.# 91538

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 10/30/2017   Attorney-at-Law   ARK2484   Attorney I.D.# 91538

CIV. 609 (5/2012)

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
KASHOW, GREGORY

**(b)** County of Residence of First Listed Plaintiff: Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Karpf, Karpf & Cerutti, P.C.; 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020; (215) 639-0801; akarpf@karpf-law.com

### DEFENDANTS
HR PENN, LLC, d/b/a RAMADA HOTEL, ET AL.

County of Residence of First Listed Defendant: Bucks
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated or Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated and Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | PROPERTY RIGHTS | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | | PERSONAL PROPERTY | LABOR | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☒ 710 Fair Labor Standards Act | SOCIAL SECURITY | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 790 Other Labor Litigation | FEDERAL TAX SUITS | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | Habeas Corpus: | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | IMMIGRATION | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | Other: ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
29 USC 206 (Fair Labor Standards Act) Collect Unpaid Wages
Brief description of cause:
Violations of the FLSA and the PA Minimum Wage Act.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____ DOCKET NUMBER _____

DATE: 10/30/2017
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____